People v Vega (2018 NY Slip Op 06946)





People v Vega


2018 NY Slip Op 06946


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2016-02933
 (Ind. No. 8473/15)

[*1]The People of the State of New York, respondent,
v
Luis Vega, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, as limited by his motion, from a sentence of the Supreme Court, Kings County (Martin P. Murphy, J.), imposed February 24, 2016, upon his plea of guilty, on the ground that the sentence was excessive.
ORDERED that the sentence is affirmed.
The Supreme Court did not provide an adequate explanation of the right to appeal in view of the defendant's limited education and lack of prior experience with the criminal justice system. While the defendant signed a written waiver of appeal, the court failed to obtain confirmation that the defendant had read the document before signing it and understood it. The written waiver was not signed by counsel and the court failed to confirm that counsel had advised the defendant as to the right to appeal and the legal effect of the written waiver.
Accordingly, the defendant's waiver of his right to appeal was invalid and, thus, does not preclude review of his excessive sentence claim (see People v Bradshaw, 18 NY3d 257; People v McWhite, 161 AD3d 1106; People v Medina, 161 AD3d 778; People v Brown, 122 AD3d 133). Although the defendant has served his sentence, the question of whether the sentence imposed should be reduced is not academic, because the sentence imposed has potential immigration consequences (see People v Ayala, 142 AD3d 1095). Considering all the relevant circumstances in this case, including that a knife was displayed during the subject robbery, we conclude that the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., ROMAN, AUSTIN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court